**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Linda Collins, | No. CV-04-1886-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Pending before the Court is a motion for award of attorney fees filed by Plaintiff's counsel pursuant to 42 U.S.C. § 406(b). Dkt. #29. Defendant does not oppose the motion. Dkt. #32. For the reasons set forth below, the Court will grant the motion and award counsel $21,726 in attorneys' fees.

**I.  Background.**

Plaintiff filed an application for social security benefits on January 17, 2001. Defendant denied the application. Plaintiff commenced this action for judicial review on September 9, 2004. Dkt. #1.

On September 7, 2005, the Court granted summary judgment in Plaintiff's favor and remanded the case to Defendant for further proceedings. Pursuant to the parties' stipulation, the Court awarded Plaintiff's counsel, Eva Guerra, $4,000 in attorneys' fees pursuant to the

1   Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Dkt. ##27-28.

2       On remand, Defendant awarded Plaintiff $86,904 in past-due benefits.  Dkt. #29 Ex. 1.
3   Defendant withheld 25 percent of that amount – $21,726 – for the payment of potential
4   attorneys' fees.  *Id.*  Plaintiff sent Ms. Guerra a notice of the award on December 4, 2006.
5   *Id.*

6       On February 22, 2007, Ms. Guerra sent Plaintiff a copy of the instant motion and a
7   letter advising Plaintiff that she could submit to the Court any objections she had to the fee
8   request.  *Id.* Ex. 5.  Plaintiff has not submitted any objections.

9   **II.   Analysis.**

10       The fee agreement between Ms. Guerra and Plaintiff provides that Ms. Guerra shall
11   receive 25 percent of the past-due benefits awarded to Plaintiff as result of Ms. Guerra's
12   representation.  Dkt. #29. Ex. B.  Ms. Guerra requests a fee award totaling $18,726, which
13   purportedly represents 25 percent of the $86,904 in past-due benefits awarded to Plaintiff less
14   the $4,000 paid under the EAJA.  *Id.* at 4.  Ms. Guerra argues that the fee request is
15   reasonable under 42 U.S.C. § 406(b).  *Id.* at 2-5.[1]

16       Section 406 establishes "the exclusive regime for obtaining fees for successful
17   representation of Social Security benefits claimants."  *Gisbrecht v. Barnhart*, 535 U.S. 789,
18   795-96 (2002).  "The statute deals with the administrative and judicial review stages
19   discretely:  § 406(a) governs fees for representation in administrative proceedings; § 406(b)
20   controls fees for representation in court."  *Id.* at 794 (citing 42 U.S.C. §§ 406(a)-(b) and 20
21   C.F.R. § 404.1728).

22       Section 406(b) provides that "[w]henever a court renders a judgment favorable to a

---

[1] It appears that Ms. Guerra has made a mathematical error in reaching the $18,726 figure.  Ms. Guerra correctly states that Plaintiff was awarded $86,904 in past-due benefits and that 25 percent of that amount is $21,726.  Ms. Guerra, however, erroneously subtracted from this figure only $3,000 rather than the $4,000 awarded under the EAJA.  The Court will construe counsel's fee request as a request for $17,726.  *See Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1167 n.4 (C.D. Cal. 2006) (construing counsel's $18,500 fee request as a request for $17,024 where counsel miscalculated the amount of past-due benefits).

1  claimant . . . who was represented before the court by an attorney, the court may determine
2  and allow as part of its judgment a reasonable fee for such representation, not in excess of
3  25 percent of the total of the past-due benefits to which the claimant is entitled by reason of
4  such judgment[.]"  42 U.S.C. § 406(b)(1)(A).  Courts have construed § 406(b) broadly as
5  allowing a district court to award fees to the claimant's attorney for representation before the
6  court where, as here, the court remands the "case for further proceedings and the
7  Commissioner ultimately determines that the claimant is entitled to an award of past-due
8  benefits." *McGraw v. Barnhart*, 450 F.3d 493, 495-96 (10th Cir. 2006); *see Morris v. Soc.*
9  *Sec. Admin.*, 689 F.2d 495, 497 (4th Cir. 1982) (holding that "an attorney's entitlement to
10 fees for court services is not eliminated when the court does no more than remand the case
11 to the Secretary") (citing *Connor v. Gardner*, 381 F.2d 497, 500 (4th Cir. 1967)); *McPeak*
12 *v. Barnhart*, 388 F. Supp. 2d 742, 744-45 (S.D. W. Va. 2005) (citing *Morris* and *Connor*);
13 *see also Hearn v. Barnhart*, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (awarding fees under
14 § 406(b) following remand resulting in a favorable decision for the claimant); *Ellick v.*
15 *Barnhart*, 445 F. Supp. 2d 1166 (C.D. Cal. 2006) (same).

16       In *Gisbrecht*, the Supreme Court discussed the meaning of the term "reasonable fee"
17 in § 406(b).  The Court concluded that "§ 406(b) does not displace contingent-fee agreements
18 as the primary means by which fees are set for successfully representing Social Security
19 benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as
20 an independent check, to assure that they yield reasonable results in particular cases."  535
21 U.S. at 807.  The Court noted that "Congress has provided one boundary line:  Agreements
22 are unenforceable to the extent that they provide for fees exceeding 25 percent of the
23 past-due benefits."  *Id.*

24       In this case, Ms. Guerra seeks payment of the fees she incurred in representing
25 Plaintiff before both the Court and the Commissioner following the Court's remand.
26 Dkt. #29 at 4, Ex. 4.  Section 406(b), however, authorizes the Court to award fees only for
27 representation before the Court.  42 U.S.C. § 406(b)(1)(A); *see Gisbrecht*, 535 U.S. at 794;
28 *Morris*, 689 F.2d at 497 ("The district court . . . is to award attorney's fees pursuant to

1  section 406(b)(1) without considering any services the attorney may have performed before
2  the Secretary."); *McPeak*, 388 F. Supp. 2d at 745 (awarding fees under § 406(b) where
3  counsel was "clearly seeking payment of a fee for services rendered while [the] case was
4  pending in [district court]"); *see also Ellick*, 445 F. Supp. 2d at 1169 & n.8 (citing cases
5  calculating reasonable hourly rate based only on the time counsel spent before the court).

6  The schedule of services attached to Ms. Guerra's motion shows that she spent a total
7  of 69.7 hours in this matter. Dkt. #29 Ex. 4.  A total of 35.9 hours were spent representing
8  Plaintiff before the Court. *See id.* (time entries from 8/17/04 through 1/27/06). Ms. Guerra
9  states that her normal hourly rate is $200 per hour. *Id.* at 3.

10  If counsel were to receive the full 25 percent of past-due benefits as provided in the
11  fee agreement, she would receive a fee equivalent to roughly three times her normal hourly
12  rate of $200 (i.e., $21,726/35.9 hours = $605 per hour).  Having considered the
13  reasonableness factors set forth in *Gisbrecht*, the Court concludes that $600 per hour is a
14  reasonable rate.  Ms. Guerra achieved a favorable result for Plaintiff and should be
15  compensated above her normal hourly rate to recognize the risks involved in contingent fee
16  litigation.  The Court will award Ms. Guerra $21,726 for her representation of Plaintiff
17  before the Court. *See Hearn*, 262 F. Supp. 2d at 1036 (awarding counsel nearly three times
18  the amount of his normal hourly rate); *Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035
19  (C.D. Cal. 2006) (awarding counsel hourly rate of $600); *Yarnevic v. Apfel*, 359 F. Supp. 2d
20  1363, 1365-67 (N.D. Ga. 2005) (awarding $21,057 in fees where the award represented a
21  $643 hourly rate); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va. 2003)
22  (awarding fee equivalent to $1,433 hourly rate); *Brown v. Barnhart*, 270 F. Supp. 2d 769,
23  772-73 (W.D. Va. 2003) (awarding fee equivalent to $977 hourly rate).

24  The Court will deny counsel's request to award her only $17,726, which represents
25  the § 406(b) award less the EAJA award previously paid to counsel.  The Court must award
26  the full § 406(b) award and direct counsel to refund to Plaintiff the smaller EAJA award. *See*
27  *Gisbrecht*, 535 U.S. at 796; *Yarnevic*, 359 F. Supp. 2d at 1366.

28

**IT IS ORDERED:**

1. The motion for award of attorney fees (Dkt. #29) filed by Plaintiff's counsel, Eva Guerra, is **granted** pursuant to 42 U.S.C. § 406(b).  Ms. Guerra is awarded **$21,726.00** in attorney fees, to be paid out of the sums withheld by Defendant from Plaintiff's past-due benefits.

2. Defendant shall pay Ms. Guerra **$21,726.00** within 30 days from the date of this order.

3. Ms. Guerra shall reimburse Plaintiff **$4,000.00**, the amount previously paid by the Government under the Equal Access to Justice Act, within 30 days from the date of this order.

4. Ms. Guerra shall provide Plaintiff with a copy of this order.

DATED this 2nd day of April, 2007.

David G. Campbell
United States District Judge